

ZACHARY W. CARTER
*Corporation Counsel*

T**HE** C**ITY OF** N**EW** Y**ORK**
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

CHRISTOPHER D. DELUCA
*Senior Counsel*
Phone: (212) 356-3535
Fax: (212) 356-3509
cdeLuca@law.nyc.gov

October 31, 2018

**BY ECF**
Honorable Ramon E. Reyes, Jr.
United States Magistrate Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:    <u>Belende Thelismond v. City of New York, et al.</u>
                  18-cv-02407 (ILG) (RER)

Your Honor:

      I am a Senior Counsel in the Office of Zachary W. Carter, Corporation Counsel of the City of New York, and the attorney assigned to the defense of the above-referenced matter. In that capacity, I write in accordance with Your Honor's Individual Practice Rules and the Court's Order dated October 18, 2018, to respectfully request the Court to order execution of a Stipulation of Confidentiality and Protective Order for this matter. (<u>See</u> Exhibit A).

      By way of background, the parties met for an initial conference on August 28, 2018 before Your Honor where, *inter alia*, the Use of Force investigation file regarding the Incident described in the Complaint was discussed. Defendants argued that the full Use of Force investigation file was confidential and that it would be produced upon plaintiff's execution of a Stipulation of Confidentiality and Protective Order. However, plaintiff's counsel refused to sign the Stipulation of Confidentiality and Protective Order, and Your Honor ordered defendants to produce the entire Use of Force file under an "Attorney's Eyes Only For Use Only in 18-CV-02407" provision. The entire Use of Force file, including video and audio recordings, was subsequently produced to plaintiff and co-defendant Smith with the following watermark: "FOR ATTORNEY'S EYES ONLY FOR USE ONLY IN 18-CV-02407 PURSUANT TO COURT ORDER ON AUGUST 28, 2018."

      On September 27, 2018, City Defendants sent to plaintiff and co-defendant Smith's counsel, via email, a copy of the proposed Stipulation of Confidentiality and Protective Order. Without any objection, and within the hour, co-defendant Smith's counsel executed the

proposed Stipulation of Confidentiality and Protective Order, and returned, via email, a copy of the executed Stipulation of Confidentiality and Protective Order. (See Exhibit B). On September 28, 2018, plaintiff's counsel responded by email outlining his objections to the proposed Stipulation of Confidentiality and Protective Order. (See Exhibit C). After discussions, plaintiff's counsel represented that he would sign the proposed Stipulation of Confidentiality and Protective Order, without objection, under two conditions: (1) as long as it was agreed upon in writing that while plaintiff's counsel is not objecting to the terms specified in the proposed Stipulation of Confidentiality and Protective Order, he reserves the right to object in other cases, regardless of the agreement made here; and 2) that plaintiff can retain his right to object to Defendant's First Set of Interrogatories and Request for Production of Documents which defendants served on August 28, 2018, despite his responses being late, and therefore any objects are now waived. Defendants could not agree to these conditions.

As an initial matter, plaintiff argues that the Use of Force file based on the incident described in the Complaint is not confidential. (See Exhibit C). However, on at least one occasion, plaintiff's counsel has executed a similar Stipulation of Confidentiality and Protective Order in Damian Rivera v. City of New York, et al., 18-CV-02597 (ENV) (JO), under which the Use of Force file and names and addresses of non-party individuals/witnesses are deemed "Confidential Material." Additionally, Your Honor even ordered defendants to produce the Use of Force file under an "Attorney's Eyes Only For Use Only in 18-CV-02407" designation, which is an even more stringent standard than those being proposed in City defendants' Confidentiality Stipulation. In fact, we have now added language to the proposed Stipulation of Confidentiality and Protective Order to reflect this. (See Exhibit A, ¶5). In any event, Your Honor's designation supports the argument that the Use of Force file is already confidential. The Confidentiality Stipulation adds to and furthers Your Honor's prior August 28th ruling by reducing other conditions governing confidentiality to formal writing that is signed by the parties to this action. For example, it sets for the use of the confidential material at depositions and motion practice. The defendants also seek to have other documents made confidential, not just the Use of Force file. The Confidentiality Stipulation also sets forth the terms under which other confidential information can be shared with witnesses and experts

Plaintiff's argument that the Use of Force file is "discoverable" is not relevant here. (See Exhibit B). Discoverability has nothing to do with confidentiality. In fact, City defendants have already produced the file to plaintiff. Use of Force files routinely contain sensitive material such as photos and videos of DOC facilities, and information about other inmates, which is confidential. If plaintiff means that the DOC file should be made "discoverable" to the public, City defendants respectfully disagree. There is no "unrestrained right to disseminate information that has been obtained through pretrial discovery." Times Co. v. Rhinehart, 467 U.S. 20, 31 (1984). It must be determined that the documents at issue are, in fact, judicial documents. "[T]he mere filing of a paper or document with the court is insufficient to render that paper a judicial document subject to the right of public access." United States v. Amodeo, 44 F.3d 141, 145 (2d Cir. 1995). In order to be designated a judicial document, "the item filed must be relevant to the performance of the judicial function and useful in the judicial process." Id. The Use of Force File, and its contents are not judicial documents and accordingly there can be no reason for these documents to be made public at this stage.

Plaintiff further objects to "defendants' inclusion of witness identification information" as information to be confidential under the proposed Stipulation of Confidentiality and Protective Order.  (See Exhibit C).  While plaintiff is correct in arguing that "this case does not involve complaining witnesses," plaintiff is entirely incorrect in arguing that this case does not involve "anyone else whose privacy or safety is affected."  (See id.).  The Use of Force file does contain the identities of non-party inmate witnesses, some of whom, did give statements during the investigation.  Whether these witnesses are relevant to this litigation or not, to the extent that the Use of Force file does identify inmate witnesses other than the named plaintiff, these individuals have an interest in keeping their identities confidential.  See Turkmen v. Ashcroft, 17-CV-2307 (JG), U.S. Dist. LEXIS 14537, *27-28 (E.D.N.Y. Jul. 29, 2004).  Contrary to plaintiff's assertion, there is nothing burdensome about the requirement of protecting the privacy rights of inmates in DOC custody.  Indeed, as pre-trial inmates, their very identities are subject to confidentiality.  See, e.g. New York Criminal Procedure Law Section 160.50.

Lastly, plaintiff takes issue with paragraph 17 of the proposed Stipulation of Confidentiality and Protective Order.  Accordingly, defendants will consent to the following as a compromise:

> Within 30 days after the termination of this Action, including any appeals, the "Confidential Materials," including all copies, notes, and other materials containing or referring to information derived therefrom (other than the Court's copies of such materials), shall be returned to defendants' attorneys or, upon defendants' attorneys' consent, destroyed; except that plaintiff's counsel shall retain one copy of the Confidential Materials, and any Confidential Materials containing plaintiff's attorney work product, to the extent required to comply with applicable law or regulation, so long as appropriate and reasonable safeguards (at least as stringent as those used to protect plaintiff's own information of like nature) are imposed to prevent the use of the Confidential Materials for any other purpose. Confidential Materials which were uploaded to a database or review platform, including any backups, and which cannot reasonably be deleted, must be quarantined and secured to prohibit access to the Confidential Materials.

As such, execution of a Stipulation of Confidentiality and Protective Order in this matter is warranted under Fed. R. Civ. P. 26(c) as defendants submit that there is "good cause" for its execution, and defendants respectfully request the Court order the execution of the proposed Stipulation of Confidentiality and Protective Order for this matter.

Thank you for your consideration in this matter.

                                  Respectfully submitted,

                                    /s/
                                Christopher D. DeLuca
                                Senior Counsel
                                Special Federal Litigation Division

cc:     Robert M. Marinelli, Esq. (By ECF)
          Attorney for Plaintiff

          Ethan M. Felder, Esq. (By ECF)
          Attorney for Co-Defendant Teino Smith