Index No. 18-CV-02407 (ILG) (RER)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

BELENDE THELISMOND,

                              Plaintiff,

-against-

CITY OF NEW YORK, CORRECTIONS OFFICER TEINO SMITH, CORRECTIONS OFFICER KRISTOFER GAGEDEEN AND CORRECTIONS OFFICERS JOHN and JANE DOE 1 through 10, individually and in their official capacities (the names John and Jane Doe being fictitious, as the true names are presently unknown),

                              Defendants.

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR ATTORNEY'S FEES AND COSTS**

**ZACHARY W. CARTER**
*Corporation Counsel of the City of New York*
*Attorney for Defendants City of New York and Kristofer Gagedeen*
*100 Church Street*
*New York, New York 10007*

*Of Counsel: Christopher D. DeLuca*
*Tel: (212)356-3535*

## TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ................................................................................................ ii

PRELIMINARY STATEMENT ........................................................................................... 1

STANDARD OF REVIEW .................................................................................................. 2

ARGUMENT

    POINT I

        PLAINTIFF'S COUNSEL DID NOT MEET AND CONFER WITH THE UNDERSIGNED REGARDING SETTLEMENT OF ATTORNEY'S FEES ................................................................................................. 3

    POINT II

        THE AMOUNT OF FEES RECOVERABLE FOR PLAINTIFF IS SUBJECT TO THE PLRA ................................................. 4

    POINT III

        25% OF THE RULE 68 JUDGMENT SHOULD BE APPLIED TO SATISFY ANY AWARD OF ATTORNEY'S FEES THUS REDUCING THE AMOUNT PLAINTIFF CAN RECOVER FROM THE CITY OF NEW YORK ................................................................. 5

    POINT IV

        FEES IN CONNECTION WITH THIS MOTION SHOULD BE DENIED ................................................................................. 6

CONCLUSION ....................................................................................................................... 8

**TABLE OF AUTHORITIES**

**Cases** **Pages**

<u>Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cnty. of Albany</u>,
   522 F.3d 182 (2d Cir. 2008)..................................................................................................2

<u>Barfield v. New York City Health and Hosps. Corp.</u>,
   537 F.3d 132 (2d Cir. 2008)..................................................................................................2

<u>Hensley v. Eckerhart</u>,
   461 U.S. 424 (1983).........................................................................................................2, 3

<u>Hicks v. Vane Line Bunkering, Inc.</u>,
   11CV8158 (KBF),
   2013 U.S. Dist. LEXIS 55043 (S.D.N.Y. Apr. 16, 2013)....................................................2

<u>Hugee v. Kimso Apartments, LLC</u>,
   852 F. Supp. 2d 281 (E.D.N.Y. 2012) ..............................................................................2, 3

<u>Jean-Louis v. City of New York</u>,
   342 F. Supp. 3d 436 (S.D.N.Y. 2018)..................................................................................6

<u>Lee v. Santiago</u>,
   12 Civ. 2558, 2013 WL 4830951 (S.D.N.Y. Sept. 10, 2013)..............................................6

<u>Long v. City of N.Y.</u>,
   09 Civ. 699, 2010 U.S. Dist. LEXIS 81020 (S.D.N.Y. Aug. 6, 2010) ................................6

<u>Millea v. Metro-North R.R. Co.</u>,
   658 F.3d 154 (2d Cir. 2011)..............................................................................................2, 3

<u>Murphy v. Smith</u>,
   138 S. Ct. 784 (2018)............................................................................................................6

<u>Reiter v. MTA N.Y. City Transit Auth.</u>,
   457 F.3d 224 (2d Cir. 2006)..................................................................................................2

<u>Seitzman v. Sun Life Assurance Co. of Canada</u>,
   311 F.3d 477 (2d Cir. 2002)..................................................................................................3

<u>Shepherd v. Goord</u>,
   662 F.3d 603 (2d Cir. 2011)..................................................................................................5

<u>Sutton v. City of Yonkers</u>,
   No. 13 Civ. 801 (GBD) (GWG),
   2017 U.S. Dist. LEXIS 4062 (S.D.N.Y. Jan. 11, 2017) ......................................................5

**Page**

Williams v. City of New York,
   16 Civ. 233 (JPO), 2017 U.S. Dist. LEXIS 70929 (S.D.N.Y. May 9, 2017) ............................6

**Statutes**

18 U.S.C. § 3006A ...............................................................................................................4, 5

42 U.S.C. § 1983 ..................................................................................................................1, 4

42 U.S.C. § 1988 ..............................................................................................................2, 4, 5

42 U.S.C. § 1997e(d)(1)-(3) .....................................................................................................5

42 U.S.C. § 1997e(d)(2) .......................................................................................................5, 6

42 U.S.C. § 1997e(d)(2)-(3) .....................................................................................................4

42 U.S.C. § 1997e(d)(3) ...........................................................................................................5

Fed. R. Civ. P. 37(a)(1) ............................................................................................................3

Fed. R. Civ. P. 68 .............................................................................................................1, 5, 6

Local Rule 37.3 ...............................................................................................................1, 3, 4

## **PRELIMINARY STATEMENT**

Plaintiff filed this action pursuant to 42 U.S.C § 1983 alleging, *inter alia*, claims of excessive force and failure to intervene against defendants the City of New York, Correction Officer Kristofer Gagedeen, and Correction Officer Teino Smith. See Docket Entry No. 1. After somewhat of a brief period of non-extensive litigation, plaintiff accepted defendants' Rule 68 Offer of Judgment in the amount of $6,501.00. See DeLuca Decl. at Exhibit A and Docket Entry No. 34, respectively. Without meeting and conferring with the undersigned, and without even discussing a fee motion briefing schedule, plaintiff filed the instant motion seeking attorney's fees in the amount of $9,751.50 and expenses and costs in the amount of $400.00, totaling $10,151.50. See Docket Entry No. 38. Additionally, plaintiff seeks $1,425.00 for preparation of his motion. See id. In total, plaintiff seeks $11,726.50. See id. Subsequently, defendants offered plaintiff the attorney's fees and expenses and costs requested, $10,151.50. However, plaintiff's counsel did not want to provide a release from plaintiff, and refused to provide any other documentation evidencing an assignment by plaintiff of his rights to attorney's fees, expenses, and costs to him.

Defendants respectfully submit that plaintiff's instant motion for an award in the amount of $11,726.50 should be denied because: (i) plaintiff's counsel did not meet and confer in an attempt to settle attorney's fees, expenses and costs as required by Local Rule 37.3; (ii) this matter is subject to the Prison Litigation Reform Act of 1995 (hereinafter "PLRA") limiting plaintiff's recovery; (iii) plaintiff failed to take into account that 25% of the Rule 68 judgment awarded to plaintiff has to be applied to satisfy any award of attorney's fees, thus reducing the amount of attorney's fees plaintiff can recover from the City of New York; and (iv) plaintiff should not be awarded fees in connection with his motion as there was no necessity for him to

even file it. As such, defendants respectfully submit that after the proper calculation, an award of $8,126.25 in attorney's fees and $400.00 in expenses and costs is appropriate in this matter.

## STANDARD OF REVIEW

District courts are afforded considerable discretion in determining the amount of attorneys' fees in any given case. See Barfield v. New York City Health and Hosps. Corp., 537 F.3d 132, 151 (2d Cir. 2008). Hicks v. Vane Line Bunkering, Inc., 11CV8158 (KBF), 2013 U.S. Dist. LEXIS 55043 (S.D.N.Y. Apr. 16, 2013).

In calculating an award of attorneys' fees under Section 1988, district courts must determine "the lodestar-the product of a reasonable hourly rate and the reasonable number of hours required by the case-[which] creates a 'presumptively reasonable fee.'" Millea v. Metro-North R.R. Co., 658 F.3d 154, 166 (2d Cir. 2011) (quoting Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cnty. of Albany, 522 F.3d 182, 183 (2d Cir. 2008)). A district court should also consider "that a reasonable, paying client wishes to spend the minimum necessary to litigate the case effectively," and "that such an individual might be able to negotiate with his or her attorneys, using their desire to obtain the reputational benefits that might accrue from being associated with the case." Arbor Hill, 522 F.3d at 190. "The burden is on the party seeking attorney's fees to submit sufficient evidence to support the hours worked and the rates claimed." Hugee v. Kimso Apartments, LLC, 852 F. Supp. 2d 281, 298 (E.D.N.Y. 2012) (citing Hensley v. Eckerhart, 461 U.S. 424, 433 (1983).

The reasonableness of the hourly rate depends on factors including the complexity of the case, the quality of counsel's representation, and the prevailing rates "in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." Reiter v. MTA N.Y. City Transit Auth., 457 F.3d 224, 232 (2d Cir. 2006); Arbor Hill, 522 F.3d at 190 (determination of the reasonable hourly rate includes consideration of "the novelty and

difficulty" of the case); see also Millea, 658 F.3d at 168-69 ("[C]onsiderations concerning the quality of a prevailing party's counsel's representation normally are reflected in the reasonable hourly rate."). "The burden rests with the prevailing party to justify the reasonableness of the requested rate," and plaintiff's attorney "should establish his hourly rate with satisfactory evidence—in addition to the attorney's own affidavits." Hugee, 852 F. Supp. 2d at 298 (internal quotation marks and citations omitted).

In determining the hours "reasonably expended," a district court should not award hours that are excessive or duplicative, or that reflect work on unrelated claims on which the party did not succeed. See Seitzman v. Sun Life Assurance Co. of Canada, 311 F.3d 477, 487 (2d Cir. 2002). Thus, if the number of hours requested is greater than that which should have been required for the work produced, this Court has discretion to reduce the stated hours accordingly. See Hensley v. Eckerhart, 461 U.S. 424, 435 (1983).

## ARGUMENT

### POINT I

**PLAINTIFF'S COUNSEL DID NOT MEET AND CONFER WITH THE UNDERSIGNED REGARDING SETTLEMENT OF ATTORNEY'S FEES**

Local Rule 37.3 of the Eastern and Southern Districts of New York states that an attorney for "an affected party" must make a good faith effort to resolve all pretrial disputes before seeking judicial intervention. "Prior to seeking judicial resolution of a discovery or nondispositive pretrial dispute, the attorneys for the affected parties or non-party witness shall attempt to confer in good faith in person or by telephone in an effort to resolve the dispute, in conformity with Fed. R. Civ. P. 37(a)(1)." Local Rule 37.3. Plaintiff's counsel made no such attempt.

3

Plaintiff's counsel, Mr. Marinelli, first sent the undersigned an email requesting attorney's fees in the amount of $9,751.50 and costs in the amount of $400.00, including attached time records on March 11, 2019. See DeLuca Decl. at ¶ 4. Mr. Marinelli further stated in that email that he would forego motion practice if there was an agreement before March 18, 2019. See id. The undersigned responded via email on March 18, 2019 stating that he would need until April 22, 2019 to review the attached time records and respond to plaintiff's demand. See id. at ¶ 5. However, without even calling the undersigned, or even attempting to schedule a proper meet and confer before he submitted the instant motion, Mr. Marinelli unreasonably responded via email on March 18, 2019, stating that he would "submit the fee motion, defendants are free to pay plaintiff's bill prior to responding. This is a simple motion and plaintiff will not be inclined to consent to any extensions." See id. at ¶ 6. On April 1, 2019, without attempting to confer in good faith in person or by telephone in an effort to resolve the dispute before seeking judicial intervention as required by Local Rule 37.3, plaintiff filed his motion. See id. at ¶ 7. As such, since plaintiff's counsel failed to meet and confer in person or by telephone with the undersigned before seeking judicial intervention, plaintiff's motion should be denied for this reason alone.

## POINT II

### THE AMOUNT OF FEES RECOVERABLE FOR PLAINTIFF IS SUBJECT TO THE PLRA

While 42 U.S.C. § 1988 provides that a prevailing party in a 42 U.S.C. § 1983 civil rights action may recover reasonable attorney's fees, the PLRA places limitations on how much a prisoner-plaintiff may recover. See 42 U.S.C. § 1997e(d)(2)-(3). An award covered by the PLRA may not "be based on an hourly rate greater than 150 percent of the hourly rate established under section 3006A of Title 18 for payment of court-appointed counsel." Id.

4

§ 1997e(d)(3). The statute also limits the amount the defendant must pay in attorney's fees to a maximum of 150% of the judgment. Id. § 1997e(d)(2); accord Shepherd v. Goord, 662 F.3d 603, 607 (2d Cir. 2011) ("[Section] 1997e(d)(2) caps the amount of attorney's fees that a prevailing prisoner-plaintiff may recover from a defendant at 150 percent of the monetary judgment awarded . . . ."). These limitations apply to "any action brought by a prisoner who is confined to any jail, prison, or other correctional facility, in which attorney's fees are authorized under section 1988." 42 U.S.C. § 1997e(d)(1)-(3); see also Sutton v. City of Yonkers, No. 13 Civ. 801 (GBD) (GWG), 2017 U.S. Dist. LEXIS 4062, at *7 (S.D.N.Y. Jan. 11, 2017). The current rate under the Criminal Justice Act ("CJA"), 18 U.S.C. § 3006A, is $140 per hour in the Eastern District of New York. 150% of this rate is $210, which would be the maximum recoverable amount for plaintiff. Additionally, under the PLRA 150% of the monetary judgment in this matter ($6,501.00) would equal $9,751.50. Plaintiff does not dispute that his fee recovery is subject to the PLRA and that he is limited to recover $9,751.50 in attorney's fees at most. See Pl.'s Memo of Law.

## POINT III

**25% OF THE RULE 68 JUDGMENT SHOULD BE APPLIED TO SATISFY ANY AWARD OF ATTORNEY'S FEES THUS REDUCING THE AMOUNT PLAINTIFF CAN RECOVER FROM THE CITY OF NEW YORK**

However, plaintiff failed to inform the Court in his motion that his award of attorney's fees is further limited as to the amount plaintiff can recover from the City of New York. Under 42 U.S.C. § 1997e(d)(2) "a portion of the judgment (not to exceed 25 percent) shall be applied to satisfy the amount of attorney's fees awarded." Recently, the Supreme Court held that in cases governed by the PLRA where a plaintiff is awarded a judgment "district courts must apply as much of the judgment as necessary, up to 25%, to satisfy an award of attorney's fees."

5

Murphy v. Smith, 138 S. Ct. 784, 790 (2018). It is undisputed that this case is governed by the PLRA. As such, assuming plaintiff is awarded attorney's fees, 25% of the Rule 68 judgment must be applied to satisfy the amount awarded. Here, applying 25% to the $6,501.00 judgment equals $1,625.25. Therefore, $1,625.25 of the Rule 68 judgment must be applied to satisfy the amount of attorney's fees awarded. As such, $1,625.25 must be deducted from the $9,751.50 that plaintiff claims he should be awarded in attorney's fees. Accordingly, defendants respectfully submit that after the correct calculations under PLRA and 42 U.S.C. § 1997e(d)(2), the most that plaintiff can recover from the City of New York in attorney's fees in this matter is $8,126.25.

## POINT IV

### FEES IN CONNECTION WITH THIS MOTION SHOULD BE DENIED

When, as here, "a plaintiff accepts an offer of judgment that includes fees 'up to the date' of the offer, the Court, as a general matter, should not award fees for work performed on the plaintiff's claims after that date," see Lee v. Santiago, 12 Civ. 2558, 2013 WL 4830951, at *5 (S.D.N.Y. Sept. 10, 2013) (quoting Long v. City of N.Y., 09 Civ. 699, 2010 U.S. Dist. LEXIS 81020, at *5 (S.D.N.Y. Aug. 6, 2010)); see also Jean-Louis v. City of New York, 342 F. Supp. 3d 436, 443, (S.D.N.Y. 2018) (case denying fees in preparing initial fee motion and reply where plaintiff accepted a Rule 68 Offer of Judgment); see also Williams v. City of New York, 16 Civ. 233 (JPO), 2017 U.S. Dist. LEXIS 70929, *9 (S.D.N.Y. May 9, 2017). As such, and in the absence of bad faith on defendants' part in contesting the fees award, see Long, 2010 U.S. Dist. LEXIS 81020, at *5-*6, the Court should decline to award fees in connection with the preparation of this motion.

Furthermore, defendants submit that there was no "necessity" for this motion to begin with. See Marinelli Decl. at p. 3. As outlined in Point I, *supra*, plaintiff filed his motion without ever attempting to meet and confer in good faith to discuss the fee dispute before seeking judicial intervention. If plaintiff would have allowed defendants until April 22, 2019 to respond to his demand, there would have been no need for the instant motion to be filed as evidenced by the fact that defendants offered the amount of fees, expenses and costs originally requested, $10,151.50 (the maximum amount under the PLRA plus reasonable costs). See DeLuca Decl. at ¶ 8. Even after defendants offered the full PLRA amount requested, $10,151.50, plaintiff's counsel refused to provide a release from plaintiff evidencing an assignment of attorney's fees, expenses, and costs to him or documentation in lieu of a release, despite the undersigned's multiple requests for adequate documentation evidencing an assignment of attorney's fees. See id. at ¶¶ 9-10. As such, it appears that it is plaintiff's counsel who created the "necessity" for the current motion and should not be awarded additional fees for doing so.

Furthermore, the amount of time plaintiff's counsel claims he expended in preparing this motion seems inflated. The claimed 5.5 hours to prepare this motion seems extremely unlikely: 1) considering the amount of time Mr. Marinelli has been practicing law; 2) given the fact that in plaintiff counsel's own words "[t]his is a simple motion"; 3) since Mr. Marinelli has prepared these types of motions in the past; and 4) as evidenced by the differing fonts in plaintiff's motion, it appears that a portion of his motion was "cut and pasted" from other documents.

As such, plaintiff's requested $1,575.00 in preparation of his motion should be denied.

7

**CONCLUSION**

Based on the arguments set forth herein, defendants respectfully request that the Court deny plaintiff's motion for attorney's fees, expenses and costs, and at most award plaintiff $8,126.25 in attorney's fees and $400.00 in expenses and costs.

Dated: New York, New York
May 16, 2019

ZACHARY W. CARTER
Corporation Counsel of the City of New York
*Attorney for Defendants City of New York and Kristofer Gagedeen*
100 Church Street
New York, New York 10007
(212) 356-3535

By: /s/
Christopher D. DeLuca
*Senior Counsel*
Special Federal Litigation

cc: Robert Marinelli, Esq. (via ECF)
*Attorney for Plaintiff*
305 Broadway
Suite 1001
New York, New York 10007

8

Index No. 18-CV-02407 (ILG) (RER)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

BELENDE THELISMOND,

                                                Plaintiff,

                    -against-

CITY OF NEW YORK, CORRECTIONS OFFICER TEINO SMITH, CORRECTIONS OFFICER KRISTOFER GAGEDEEN AND CORRECTIONS OFFICERS JOHN and JANE DOE 1 through 10, individually and in their official capacities (the names John and Jane Doe being fictitious, as the true names are presently unknown),

                                                Defendants.

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTIONS FOR ATTORNEY'S FEES AND COSTS**

*ZACHARY W. CARTER*
*Corporation Counsel of the City of New York*
    *Attorney for Defendants City of New York and*
    *Kristofer Gagedeen*
    *New York, New York  10007*

    Of Counsel:
    *Christopher D. DeLuca*
    *Tel:  (212)356-3535*